# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-KM-00672-SCT

*ROBERT SPENCER, JR.*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 1/23/2003 |
| TRIAL JUDGE: | HON. ANN H. LAMAR |
| COURT FROM WHICH APPEALED: | YALOBUSHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TOMMY WAYNE DEFER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:   DEIRDRE McCRORY |
| YALOBUSHA COUNTY PROSECUTOR: | KATHARINE WARD |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | AFFIRMED - 08/26/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., EASLEY AND CARLSON, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

## PROCEDURAL HISTORY

¶1.     Robert Spencer, Jr., (Spencer), was charged with various misdemeanor traffic violations, including first offense DUI.[1]  Spencer was found guilty in the Justice Court of Yalobusha County, Mississippi on all charged offenses on August 28, 2000.

¶2.     On September 6, 2000, Spencer filed a notice of appeal with the Circuit Court of Yalobusha County.  Katherine Ward (Ward), prosecuting attorney for Yalobusha County (State), sent Spencer a

---

[1]  Besides first offense DUI, Spencer was also charged with driving with a suspended license, driving on the wrong side of the road, and a seatbelt violation.

letter dated September 29, 2000, that his notice of appeal was inadequate to perfect his appeal from justice court. Ward's letter was filed with the clerk's office on October 2, 2000. On August 29, 2002, Circuit Court Judge Ann H. Lamar entered an order setting trial on January 23, 2003.

¶3. Spencer retained attorney Tommy Defer (Defer) to represent him. Defer entered his entry of appearance on November 7, 2002. Spencer did not file a bond with the circuit court until January 15, 2003.

¶4. The circuit court conducted a hearing on January 23, 2003. The court heard the State's motion to dismiss Spencer's appeal as not being properly perfected from justice court. The circuit court dismissed Spencer's appeal with prejudice and remanded the case to the justice court for execution of the sentence originally rendered.

¶5. Spencer now appeals the dismissal of his appeal by the circuit court. On appeal to this Court, the State filed a motion to dismiss this appeal on December 17, 2003. The motion remains open being passed by this Court on December 18, 2003, for consideration together with the merits. Spencer filed his response to the State's motion to dismiss appeal on December 29, 2003.

## LEGAL ANALYSIS

¶6. This Court employs a de novo standard of review of a trial court's grant or denial of a motion to dismiss. *See* **Harris v. Miss. Valley State Univ.**, 873 So.2d 970, 988 (Miss. 2004). Here, the circuit court conducting a bench trial, granted the State's motion to dismiss, finding that Spencer's appeal from justice court had not been properly perfected.

¶7. In reviewing the record, the circuit court found that Spencer's notice of appeal did not provide a certificate of service pursuant to Rule 5.04 of the Uniform Circuit and County Court Rules. However, the circuit court was primarily concerned by the lack of a bond posted to perfect the appeal as required by

2

Rule 12.02 A. In its bench ruling, the circuit court found that the appeal was not perfected and remanded the matter to justice court. The circuit court reasoned:

> Now, it goes without dispute, I suppose, at this point that there was no perfection of the cost bond at the time that this appeal was filed.
>
> Rule 12.02 ... says that one must file simultaneously written notice of appeal and cost bond within thirty days of the judgment with the clerk of the court. The written notice of appeal and posting of cost bond perfects the appeal. The failure to post bond required by this rule shall be grounds for the court, on its own motion or on motion of another, to dismiss the appeal with prejudice and costs.

¶8. On appeal, the State contends that the circuit court did not err in dismissing the appeal. The State cites *Riley v. Town of Lambert*, 856 So.2d 721 (Miss. Ct. App. 2003), in support of the circuit court's dismissal of Spencer's appeal. In *Riley*, the court stated:

> Riley filed a notice of appeal on March 23, 1998, from the judgments of conviction which were entered on February 23, 1998, but no cost bond was filed until April 21, 1998, almost two months following the date of the judgments.
>
> ***
>
> A review of the record reveals that, in addition to the tardy filing of the cost bond, Riley never filed an appearance bond. A document styled as a supersedeas bond is found among the court papers, but that document is not approved by any official associated with either the circuit or municipal court. Moreover, this bond was also filed late, as it was also filed on April 21, 1998, approximately thirty days past the appeal period. Further, the contents of the document indicate that it is really a cost bond, not an appearance bond.
>
> On these facts, two conclusions are inescapable. First, Riley's appeal was not timely perfected, for *the rule provides that the appeal is not perfected until two things occur: the filing of a written notice of appeal and a cost bond. Both of these filings are to be done within thirty days of the judgment from which the appeal is taken*. Here, the written notice of appeal was filed within the thirty days permitted by the rule, but the cost bond was not filed until approximately sixty days after the municipal court judgment was entered. Therefore, it was not timely. Second, it is not debatable that an appearance bond was never filed. The rule provides that the failure to post any bond required by this rule shall be grounds for the court, on its own motion or by motion of another to dismiss the appeal with prejudice.
>
> *Therefore, since Riley failed to post one of the requisite bonds, the trial court, in its discretion, was empowered to dismiss the appeal on its own motion or by the motion of another.* Here it was the clerk of the court, traveling in a civil procedure vehicle and invoking a different basis than that provided for in Rule 12.02,

3

who asked that the appeal be dismissed. The trial court, embracing the message contained in the clerk's invocation, utilized its discretion and dismissed the appeal. In deciding the appropriateness vel non of the trial judge's action, we look not at the identity of the messenger or the type of procedural vehicle employed by the messenger to deliver the message, but at the totality of the factual circumstances to ascertain whether there is any legal basis which may properly justify the action taken by the trial judge in response to the message.

***

*We know of no case which permits the filing of the required bonds past the thirty-day appeal time.*

*Riley*, 856 So.2d at 722-25 (emphasis added). We agree with this analysis.

¶9. As Spencer was found guilty in the justice court on August 28, 2000, and he did not post bond with the circuit court until January 15, 2003, we find that the circuit court did not err in dismissing Spencer's appeal and remanding the matter to the Justice Court of Yalobusha County for execution of the sentence.

**CONCLUSION**

¶10. This Court affirms the judgment of the Circuit Court of Yalobusha County.

¶11. **AFFIRMED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ AND GRAVES, JJ., NOT PARTICIPATING.**