MAXWELL, J.,
for the Court:
¶ 1. Perfecting an appeal from a justice-court criminal conviction requires filing a notice of appeal and two bonds — (1) a “cost bond” to secure estimate costs, and (2) an “appearance bond” conditioned on the defendant’s appearance pending the appeal’s conclusion. Because of the distinct purposes for each bond, failure to file either is grounds for dismissal. Following Robert J. Ray’s conviction of simple assault in justice court, Ray filed with the county court a notice of appeal and a single “appeal bond.” Both the county court and circuit court dismissed Ray’s appeal, finding that while his “appeal bond” satisfied the cost-bond requirement, it did not satisfy the separate appearance-bond requirement. We agree and affirm.
Background Facts
¶ 2. The Lauderdale County Justice Court found Ray guilty of simple assault and fined him $40, plus costs and assessments of $191.50, for a total of $231.50. Within thirty days of his conviction, Ray filed a “Notice of Appeal” with the county court. He also filed an “Appeal Bond,” which stated:
Ray ... does hereby file with the Court the costs of perfecting his appeal in the amount of one hundred thirty eight dollars ($138.50) which the undersigned is hereby bound.
The condition of the bond is that, if the undersigned, Robert J. Ray, shall prosecute this appeal and if for any reason the appeal is dismissed, the costs as posted shall be forfeited.
¶ 3. Upon the county prosecutor’s motion, and after a hearing, the county court dismissed Ray’s appeal. The county court found that, while Ray had filed a written notice of appeal and cost bond, which Ray had labeled “appeal bond,” Ray failed to perfect his appeal under Uniform Rule of Circuit and County Court 12.02 by also filing the required appearance bond. Ray appealed to the circuit court, which agreed that Ray’s “appeal bond” was only a cost bond. And because Ray failed to also file the required appearance bond, the circuit court affirmed the dismissal.
¶4. Ray further appeals to this court. On appeal, we apply a de novo standard of review for two reasons. First, we review all grants of motions to dismiss de novo. E.g., Spencer v. State, 880 So.2d 1044, 1045 (¶ 6) (Miss.2004). And second, dismissal was based on failure to perfect an appeal— and whether a court obtained appellate jurisdiction is a question of law, reviewed de novo. Reeves v. City of Crystal Springs, 54 So.3d 322, 324 (¶ 6) (Miss.Ct.App.2011) (reviewing de novo whether an appeal from municipal court was perfected).
Discussion
¶ 5. Under Uniform Rule of Circuit and County Court 12.02(A)(1):
Any person adjudged guilty of a criminal offense by a justice or municipal court may appeal to county court or, if there is no county court having jurisdiction, then to circuit court by filing simultaneously a written notice of appeal, and both a cost bond and an appearance bond (or cash deposit) as provided herein within 30 days of such judgment with the clerk of the circuit court having jurisdiction.
Rule 12.02(B) describes both cost-bond and appearance-bond requirements. To satisfy the cost-bond requirement, “every defendant who appeals under this rule shall post a cash deposit, or bond with sufficient resident sureties (or licensed guaranty companies) to be approved by the circuit clerk, for all estimated court costs, incurred both in the appellate and lower courts[.]” URCCC 12.02(B)(2). To satisfy the appearance-bond requirement, “a cash deposit, or bond with sufficient resident *82 sureties (or licensed guaranty companies), to be approved by the circuit clerk, shall be given and conditioned, on appearance before the county or circuit court from day to day and term to term until the appeal is finally determined or dismissed.” URCCC 12.02(B)(1).
¶ 6. The question before this court is whether a single bond-or single cash deposit — satisfied both bond requirements. Based on the language of Rule 12.02 and this court’s precedent, we find it did not.

I. Interpreting Rule 12.02

¶ 7. Ray filed only one cash deposit of $138.50, which he labeled an “appeal bond.” Though he asks us to look at the language of his “appeal bond” and find that it operated as both a cost bond and appearance bond, a cost bond and appearance bond are not the same. A cost bond “secures estimated costs” and is governed by Rule 12.02(B)(2), while an appearance bond “is conditioned on the appellant’s appearance until the appeal is concluded” and is governed by Rule 12.02(B)(1). Mitchell v. Parker, 804 So.2d 1066, 1069 (¶ 10) (Miss.Ct.App.2001). “The natural reading is that the two different purposes of the two different paragraphs are satisfied by two different bonds.” Id.
¶ 8. In fact, in 2007, Rule 12.02 was amended to reflect that filing only one bond does not perfect an appeal. While the old version stated that the “written notice of appeal and posting cost bond perfects the appeal,” the current version makes clear that the “written notice of appeal and posting of the cost bond and the appearance bond or cash deposit perfects the appeal.” URCCC 12.02(A)(1) (emphasis added); see also Nelson v. State, 72 So.3d 1038, 1041-42 (¶ 11) (Miss.2011) (citing URCCC 12.02(A)(1)). So it is not just an appellant’s filing of written notice of appeal and posting a bond (or cash deposit) that perfects the appeal — it is his filing of the written notice and posting two separate bonds (or cash deposits) that perfects the appeal. Indeed, under Rule 12.02(C), it is only “[u]pon the filing with the circuit clerk of the notice of appeal and bonds or cash deposits required by this rule, unless excused therefrom with the clerk, [that] the prior judgment of conviction shall be stayed.” (Emphasis added). And “[t]he failure to post any bond or cash deposit required by this rule shall be grounds for the court, on its own motion or by motion of another, to dismiss the appeal with prejudice and with costs.” URCCC 12.02(A)(1).
¶ 9. Thus, we have no alternative but to reject Ray’s argument that his $138.50 “appeal bond” was sufficient to secure costs and his appearance — just as we rejected a similar argument in Mitchell. In that ease, a person appealing a municipal-court conviction filed a $950 “appeal bond.” Mitchell, 804 So.2d at 1068 (¶ 3). He argued he should not have had to pay an additional cost bond, in the form of filing fees, because his $950 bond was sufficient to satisfy both bond requirements. Mitchell, 804 So.2d at 1068-69 (¶¶ 5, 9).
¶ 10. This court disagreed, holding “there must be both a cost bond and an appearance bond[.]” Id. at 1069 (¶ 11). Looking at the plain language of Rule 12.02, as well as the two separate statutes on which the bond requirements were based, this court held that the $950 bond securing his appearance was not enough— the appellant still had to provide separate security to pay costs. Id. at 1069-71 (¶¶ 10-17).
¶ 11. Similarly, Ray’s $138.50 bond was not enough to stay his justice-court conviction and perfect his appeal. Looking at the language of Ray’s “appeal bond,” we agree with the county court and circuit court that Ray was filing a cost bond. Ray *83 tendered the $138.50 as “the costs of perfecting his appeal.” But under Rule 12.02, Ray also had to secure his appearance through a separate appearance bond (or cash deposit), which he did not do. See Mitchell, 804 So.2d at 1071 (¶ 17). Ray argues that because he agreed to forfeit this money should the appeal be dismissed, it was an appearance bond. But under sections (B)(1) and (B)(2) of Rule 12.02, both a cost bond and an appearance bond may be forfeited. Ray also argues that because he partially paid his justice-court fines, he had already satisfied the cost-bond requirement. But this court has previously rejected the argument that paying a fine in the lower court rendered a cost-bond unnecessary. Hill v. City of Wiggins, 984 So.2d 1086, 1087 (¶4) (Miss.Ct.App.2008).
¶ 12. Ray suggests that dismissing his appeal because he filed only one piece of paper, versus two, places form over substance. However, as this court explained in Mitchell, the difference in the two bonds is material. Mitchell, 804 So.2d at 1069-71 (¶¶ 10-17). Rule 12.02 requires two separate bonds—or cash deposits— that serve two distinct purposes. Thus, dismissal was proper not simply because Ray filed one sheet of paper versus two, but because Ray only secured the payment of costs without separately securing his appearance. Because he did not file both bonds, his appeal was not perfected. See URCCC 12.02(A)(1). The judgment from the justice court was not stayed. See URCCC 12.02(C). And the county court properly granted the county prosecutor’s motion to dismiss. See URCCC 12.02(A)(1); see also Riley v. Town of Lambert, 856 So.2d 721, 723 (¶ 10) (Miss.Ct.App.2003) (holding the failure to post an appearance bond empowered the circuit court to dismiss the appeal).

II. Curing Deficiencies

¶ 13. Alternatively, Ray argues he should have been permitted to cure any deficiencies in his bond. But contrary to Ray’s assertion, this is not a case where Ray’s appearance bond was merely deficient—it was absent. In Dixon v. State, 528 So.2d 832, 832-33 (Miss.1988), the Mississippi Supreme Court held that the circuit court should have granted a defendant’s motion to amend his appearance bond, which had been filed without the signatures of the sureties. Ray relies on Dixon to argue he should have been permitted to correct any “technical” deficiencies in his appeal bond. But there is a distinction between a timely filed but technically imperfect bond and a bond that was never filed. Hill, 984 So.2d at 1088 (¶ 9). Here, Ray’s failure to file an appearance bond was not a mere technicality but a failure to comply with a substantive requirement of the rule necessary to stay the judgment from the justice court and vest the county court with appellate jurisdiction. See URCCC 12.02; Mitchell, 804 So.2d at 1070-71 (¶ 17). Further, unlike Dixon, when faced with the county prosecutor’s motion to dismiss for failure to comply with Rule 12.02, Ray did not ask the county court for permission to amend his “appeal bond.” See Dixon, 528 So.2d at 832 (holding circuit court should have granted Dixon’s motion to amend his appearance bond).

III. Perfecting an Appeal

¶ 14. Finally, Ray relies on language in Rule 12.02 to argue his bond was sufficient as both a cost bond and appearance bond because the circuit clerk accepted it as both. See URCCC 12.02(A)(1) (“The clerk of the court shall not accept, file and docket the written notice of appeal without the accompanying-cost bond and appearance bond or cash deposit, unless *84 the court has allowed the defendant to proceed in forma pauperis.”). But Rule 12.02 makes plain that it is the appellant’s filing of the written notice and posting of both bonds that perfects the appeal, not the acceptance by the circuit clerk. See URCCC 12.02(A)(1). Hill involved a notice of appeal that had been accepted by the circuit clerk, despite the fact no bond was ever filed. Hill, 984 So.2d at 1087 (¶2). As with this case, the prosecution moved for a dismissal before trial based on Hill’s failure to comply with Rule 12.02. Dismissal was granted, and this court affirmed. Hill, 984 So.2d at 1087 (¶2), 1089 (¶ 15). Similarly, we affirm the dismissal of Ray’s appeal for failure to file the required bonds under Rule 12.02.
¶ 15. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.