## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KM-01675-COA

**CORNELIUS PARKS A/K/A CORNELIUS A. PARKS**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/30/2014 |
| TRIAL JUDGE: | HON. ROBERT WALTER BAILEY |
| COURT FROM WHICH APPEALED: | KEMPER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID H. LINDER |
| ATTORNEY FOR APPELLEE: | MARVIN E. WIGGINS JR. |
| COUNTY PROSECUTOR: | MARVIN E. WIGGINS JR. |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| TRIAL COURT DISPOSITION: | APPEAL DISMISSED FOR LACK OF JURISDICTION |
| DISPOSITION: | REVERSED AND REMANDED - 12/08/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., MAXWELL, JAMES AND WILSON, JJ.**

**WILSON, J., FOR THE COURT:**

¶1. Cornelius Parks was convicted of misdemeanor domestic violence in the Kemper County Justice Court. He appealed to circuit court, but the court dismissed for lack of jurisdiction because it found that the appeal was not properly perfected. Parks appeals, alleging that the dismissal was error because the circuit court had jurisdiction. For the reasons that follow, we reverse and remand for further proceedings.

### FACTS AND PROCEDURAL HISTORY

¶2. On August 9, 2011, Parks was found guilty of misdemeanor domestic violence in the

Kemper County Justice Court. He says, and the State does not dispute, that he was assessed a fine and court costs in the amount of $218.50.[1] On September 6, Parks filed a notice of appeal in the circuit court, along with a "Cost and Appearance Bond" and a check for $449.[2] The "Cost and Appearance Bond" document read:

> . . . I, Cornelius Parks, am held and firmly bound unto the State of Mississippi in the sum of $449.00, which I am tendering to the Circuit Clerk of Kemper County, Mississippi. I bind myself, my heirs, executors, and administrators. On August 9, 2011, in the Justice Court of Kemper County, Mississippi, I was convicted of domestic violence and sentenced to a fine and assessments of $218.50. Feeling aggrieved by said judgment and conviction, I have taken an appeal to the Circuit Court of Kemper County, Mississippi. I am forthwith depositing with the Circuit Clerk of Kemper County, Mississippi the fine and assessments of $218.50, together with the appeal costs of $230.50, for a total of $449.00.
>
> This condition of this bond is that I will appear before the Circuit Court of Kemper County, Mississippi as required until the appeal is finally determined. If I fail to appear at the time and place set by the said Court, the Court may dismiss the appeal with prejudice and with costs.

The document was notarized and signed by Parks. The circuit clerk also signed the document underneath the following sentence: "I, the undersigned Circuit Court Clerk or Deputy Clerk, do hereby approve the above bond." Parks's notice of appeal and purported bond were accepted by the clerk and filed on September 6.

¶3. The Kemper County prosecutor subsequently filed a motion to dismiss Parks's appeal

---

[1] The record on appeal reflects the conviction but not the amount of any fines or assessments.

[2] The State says that the check was payable to the State, not the circuit clerk. The actual check is not in the record, although there is a receipt from the circuit clerk acknowledging its receipt. The cover letter from Parks's attorney says that the check was made payable to the circuit clerk.

for want of jurisdiction, arguing that the appeal did not comply with Uniform Circuit and County Court Rule 12.02. Parks did not file a written response, but at the a pretrial hearing, he argued through counsel that he had complied with Rule 12.02. Alternatively, he made an oral motion for leave to amend the bond. The circuit judge dismissed the appeal for lack of jurisdiction, finding that Parks failed to perfect his appeal because he failed to obtain both of the bonds required by Rule 12.02—a cost bond and an appearance bond. For the essentially same reason, the court denied Parks's motion for leave to amend, reasoning that the problem was a missing bond, not a bond that needed to be amended. Parks timely appealed to this Court.

**ANALYSIS**

¶4.     Whether a court obtained appellate jurisdiction is a question of law to be reviewed de novo. *Ray v. State*, 124 So. 3d 80, 81 (¶4) (Miss. Ct. App. 2013) (citing *Reeves v. City of Crystal Springs*, 54 So. 3d 322, 324 (¶6) (Miss. Ct. App. 2011)). An order granting a motion to dismiss is also reviewed de novo. *Id.* (citing *Spencer v. State*, 880 So. 2d 1044, 1045 (¶6) (Miss. 2004)).

¶5.     Rule 12.02 governs appeals from justice or municipal courts and requires the appellant to file simultaneously "a written notice of appeal, and both a cost and an appearance bond (or cash deposit)" within thirty days of the lower court's judgment. URCCC 12.02(A)(1). "This written notice of appeal and posting of the cost bond and appearance bond or cash deposit perfects the appeal. The failure to post any bond or cash deposit required by this rule shall be grounds for the court . . . to dismiss the appeal . . . ." *Id.* The rule requires the filing

3

of both a cost bond and an appearance bond; the difference between the two is significant.

¶6.    An appearance bond is conditioned upon the appellant's appearance before the court, and if the appellant fails to appear at any time required by the court, the court can dismiss the appeal, and the appearance bond is then forfeited. URCCC 12.02(B)(1). The lower court judge from whom the appeal is taken determines the amount of the appearance bond. *Id.* A cost bond, on the other hand, must be posted to cover "all estimated court costs, incurred in both the appellate and lower courts (including, but not limited to fees, court costs, and amounts imposed pursuant to statute)." URCCC 12.02(B)(2). The amount of the bond, which can range between $100 and $2,500, is also set by the lower court's judge. *Id.*

¶7.    The Kemper County prosecutor argues that Parks failed to perfect his appeal to the circuit court because he failed to file both an appearance bond and a cost bond and instead filed only one bond. It is true that Parks filed only one piece of paper and, judging by the record, wrote only one check to cover the amount of the purported combined bond. For this reason, the circuit judge, relying on this Court's decision in *Ray*, 124 So. 3d 80, granted the prosecutor's motion to dismiss for lack of jurisdiction.

¶8.    In *Ray*, Robert Ray was found guilty of a misdemeanor in Lauderdale County Justice Court and was fined and assessed a total of $231.50. *Id*. at 81 (¶2). He filed a notice of appeal with the county court, along with an "appeal bond" of $138.50. *Id.* The purported appeal bond read,

> Ray . . . does hereby file with the Court the costs of perfecting his appeal in the amount of one hundred thirty eight dollars ($138.50) which the undersigned is hereby bound.

4

> The condition of the bond is that, if the undersigned . . . shall prosecute this appeal and if for any reason the appeal is dismissed, the costs as posted shall be forfeited.

*Id.* The county court dismissed Ray's appeal for failure to perfect as required by Rule 12.02. *Id.* at (¶3). The circuit court agreed and affirmed the dismissal. *Id.* This Court also affirmed, finding that Ray's bond for $138.50 was only a cost bond because it could not fulfill the distinct purposes of a cost bond and an appearance bond. *Id.* at 82 (¶7). We noted that Ray's bond, while it may have satisfied the cost bond requirement, did not "secure his appearance through a separate appearance bond." *Id.* at 83 (¶11) (emphasis omitted). Thus, Ray's appeal was not properly perfected not simply because he "filed one sheet of paper versus two, but because Ray only secured the payment of costs without separately securing his appearance." *Id.* at (¶12).

¶9. There are obvious similarities between *Ray* and this case, but there are also important differences. Like Ray, Parks filed only "one sheet of paper" rather than two separate documents. However, unlike Ray, Parks's "cost and appearance bond" plausibly purports to serve as both a cost bond and an appearance bond. Unlike Ray's bond, Parks's bond made clear that it was intended to cover both the appeal costs and to secure his appearance before the circuit court. He also noted that the full amount of his bond—$449—was derived from one deposit of $218.50, for the fines and assessments imposed by the justice court, and one deposit of $230.50, for the appeal costs. For these reasons, we conclude that Parks's "cost and appearance bond" met the bare minimum requirements of Rule 12.02 that are necessary to confer jurisdiction on the circuit court.

¶10. This is not to say that Parks satisfied *all* of Rule 12.02's requirements or that the circuit court *must* hear his case. Parks's filing of a single document was inconsistent with the rule, even if, as we have just concluded, his appeal was not so defective as to deprive the circuit court of jurisdiction. In addition, Rule 12.02(B)(1) and (2) make clear that the amounts of both the appearance bond and the cost bond "shall be determined by the judge of the lower court"—here, the justice court. As the county prosecutor points out, there is nothing in the record to indicate that the justice court judge set either bond in this case. If Parks simply decided for himself what amounts would be appropriate, this was a clear violation of Rule 12.02.

¶11. Therefore, although we remand the case to the circuit court, we do so only because the circuit judge made clear that he was dismissing Parks's appeal for lack of jurisdiction and not as an exercise of his discretion. On remand, the circuit court may decide whether Parks should be granted leave to amend his "cost and appearance bond" to correct these and any other deficiencies. Whether to grant Parks leave to correct such errors is a matter committed to the discretion of the circuit judge. *See Dixon v. State*, 528 So. 2d 832, 833 (Miss. 1988); *Mitchell v. Parker*, 804 So. 2d 1066, 1072 (¶24) (Miss. Ct. App. 2001).

## CONCLUSION

¶12. The circuit court had jurisdiction to hear Parks's appeal because Parks timely filed a notice of appeal and a bond that plausibly sought to secure both his appearance and the payment of any costs. We therefore reverse and remand for the circuit court to determine whether Parks should be granted leave to correct the deficiencies in his "cost and appearance

6

bond," that decision being one committed to the discretion of the circuit judge.

¶13.   **THE JUDGMENT OF THE CIRCUIT COURT OF KEMPER COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**