# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KM-01119-COA

STEFAN ALISON                                                    APPELLANT

v.

STATE OF MISSISSIPPI                                              APPELLEE

DATE OF JUDGMENT:              06/12/2015
TRIAL JUDGE:                   HON. CHRISTOPHER LOUIS SCHMIDT
COURT FROM WHICH APPEALED:     HANCOCK COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        JIMMY D. MCGUIRE
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: BARBARA WAKELAND BYRD
COUNTY PROSECUTOR:             OLEN ANDERSON
NATURE OF THE CASE:            CRIMINAL - MISDEMEANOR
TRIAL COURT DISPOSITION:       GRANTED MOTION TO DISMISS APPEAL
DISPOSITION:                   REVERSED AND REMANDED - 09/06/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., CARLTON AND FAIR, JJ.

### CARLTON, J., FOR THE COURT:

¶1.     The Hancock County Justice Court found Stefan Alison guilty of simple assault and trespass and sentenced Alison to pay a $400 fine, plus assessments of $157.75, for the simple-assault conviction, and a $25 fine, plus assessments of $157.75, for the trespassing conviction.  The justice court also set an appeal bond of $500 for each conviction.

¶2.     Alison appealed his conviction and sentence to the Hancock County Circuit Court, which ultimately dismissed his appeal.  On his appeal to this Court, Alison argues that the circuit court erred in dismissing his appeal based upon an alleged failure to comply with a technicality in Uniform Circuit and County Court Rule 12.02.  Finding error in the trial

court's judgment, we reverse and remand this case for further proceedings consistent with this opinion.

**FACTS**

¶3.     On September 23, 2014, Alison was convicted of simple assault and trespass in the Hancock County Justice Court. The justice court sentenced Alison to pay: a $400 fine plus assessments of $157.75 on the simple-assault conviction, and a $25 fine plus assessments of $157.75 on the trespassing conviction. The justice court also set an appeal bond of $500 for each conviction.

¶4.     Alison appealed his conviction and sentence to the Hancock County Circuit Court on October 3, 2014. The record reflects that when Alison filed his appeal, he paid the circuit clerk with a check in the amount of $109. The record also shows that on October 3, 2014, Alison filed a single bond payment of $1,000 with the circuit clerk. The bond language stated that Alison, as principal, and Donald K. Thomas, as bondsman surety, "agree to pay the State of Mississippi $1,000, unless [Alison] shall appear before the circuit court." Alison also filed additional filing fees with the clerk's office. The circuit clerk recorded Alison's bond filing as simply an "appeal" bond.

¶5.     On June 4, 2015, the prosecutor filed a motion to dismiss Alison's appeal based on Alison's failure to file a cost bond as required by Uniform Rule of Circuit and County Court 12.02. Rule 12.02(a)(1) provides:

> Any person adjudged guilty of a criminal offense by a justice or municipal court may appeal to county court or, if there is no county court having jurisdiction, then to circuit court by filing simultaneously a written notice of appeal, *and both a cost bond and an appearance bond* (or cash deposit) as

2

provided herein within 30 days of such judgment with the clerk of the circuit court having jurisdiction. This written notice of appeal and posting of the cost bond and the appearance bond or cash deposit perfects the appeal. The failure to post any bond or cash deposit required by this rule shall be grounds for the court, on its own motion or by motion of another, to dismiss the appeal with prejudice and with costs.

(Emphasis added). The prosecutor argued that since Alison filed only what appears to be an appearance bond, and failed to file the additional requisite cost bond, the appeal has not been perfected pursuant to Rule 12.02(a)(1) and should be dismissed with prejudice.

¶6. At the June 12, 2015 hearing on the motion to dismiss, the circuit court heard testimony from the justice-court judge who presided over Alison's trial. The justice-court judge testified: "I've always included the appeal bond or the appearance bond and the cost included in one [bond]." At the hearing, the prosecutor also admitted: "[W]e will accept it's been common practice for one appeal bond to have been filed[,]" and that "we always did just one appeal bond." The prosecutor, however, explained that the prior common practice "does not excuse the requirement that [a defendant file] separate appeal bonds." The circuit court also recognized that filing one single appeal-bond payment, instead of two separate bond payments, "is the common practice in this county, [but] it doesn't appear to be in compliance with [Rule] 12.02."

¶7. During the hearing, the circuit court acknowledged that in *Ray v. State*, 124 So. 3d 80, 83 (¶12) (Miss. Ct. App. 2013), this Court explained that the difference in a cost bond and an appearance bond "is material." Relying on *Ray*, the circuit court determined:

> The rule requires two separate bonds or cash deposits that serve two distinct purposes. The dismissal is proper because [in *Ray*,] Ray filed one sheet of paper versus two—not because Ray filed one sheet of paper . . . but because

3

Ray only secured the payment of costs without separately securing his appearance. Because he did not file both bonds, his appeal was not perfected. That's under Rule 12.02(A)(l).

The circuit court also explained that "in the *Ray* decision[,] the Court of Appeals states that Rule 12.02 makes it plain that it is the appellant's filing of the written notice and posting of both bonds that perfects the appeal, not the acceptance by the circuit clerk."[1]

¶8.     On June 12, 2015, the circuit court entered an order dismissing Alison's appeal. In its order, the circuit court explained:

> The [c]ourt finds the case of *Ray v. State*, 124 So. 3d 80 (Miss. Ct. App. 2013)[,] to be dispositive on the issues and this [c]ourt finds that the Defendant failed to comply with . . . Uniform Rule[] of Circuit and County Court 12.02 when filing his appeal with the [c]ircuit [c]ourt by not filing the required bonds simultaneous with the filing of his notice of appeal. Therefore [Alison] failed to perfect his appeal within 30 days[.]

The circuit court dismissed Alison's appeal with prejudice, and ordered the matter remanded to justice court "for execution of its sentence."

¶9.     Alison filed a motion for reconsideration, which the circuit court denied.

## STANDARD OF REVIEW

¶10.    On appeal, this Court applies a de novo standard when reviewing a trial court's grant of a motion to dismiss. *Ray*, 124 So. 3d at 81 (¶4). Additionally, we recognize that "whether a court obtained appellate jurisdiction is a question of law," which we review de novo. *Id*. (citing *Reeves v. City of Crystal Springs*, 54 So. 3d 322, 324 (¶6) (Miss. Ct. App. 2011)); *see also Parks v. State*, 194 So. 2d 179, 180 (¶4) (Miss. Ct. App. 2015).

---

[1] "Rule 12.02 makes plain that it is the appellant's filing of the written notice and posting of both bonds that perfects the appeal, not the acceptance by the circuit clerk." *Ray*, 124 So. 3d at 84 (¶14).

**DISCUSSION**

¶11.    Alison argues that the circuit court erred in dismissing his appeal. He asserts that the record shows that standard practice and procedure in Hancock County allowed a defendant to submit only a single "appeal bond" with his notice of appeal. Alison submits that the abstracts of the justice court's judgment fail to reflect any "appearance bond" or "cost bond" distinction; the judgment simply lists two "appeal bonds" of $500 each. Alison argues that the circuit court should have allowed him the opportunity to amend the bond submitted with the notice of appeal and correct any deficiencies, and that the failure to do so constitutes a violation of his due-process rights.

¶12.    The State argues that the circuit court properly dismissed Alison's appeal. The State cites to *Riley v. Town of Lambert*, 856 So. 2d 721, 723 (¶¶9-10) (Miss. Ct. App. 2003), and submits that if a defendant fails to follow the requirements of Rule 12.02, the trial court must dismiss the appeal.

¶13.    The record and facts of this case reflect that Alison's posted bond covered both the appeal costs and the appearance bond. In so finding, we recognize that "[p]erfecting an appeal from a justice-court criminal conviction requires filing a notice of appeal and two bonds[:] (1) a 'cost bond' to secure estimate costs, and (2) an 'appearance bond' conditioned on the defendant's appearance pending the appeal's conclusion." *Ray*, 124 So. 3d at 81 (¶1).[2] Uniform Rule of Circuit and County Court 12.02(B)(1) provides that an appearance bond is "conditioned on [the defendant's] appearance before the county or circuit court[.]" The rule

---

    [2] In *Ray*, this Court observed that "in 2007, Rule 12.02 was amended to reflect that filing only one bond does not perfect an appeal." *Ray*, 124 So. 3d at 82 (¶8).

5

further clarifies that "[t]he amount of such cash deposit or appearance bond shall be determined by the judge of the lower court." Additionally, "[i]f the defendant fails to appear at the time and place set by the court, the court may dismiss the appeal with prejudice and with costs and order forfeiture of the appearance bond or cash deposit." A cost bond, however, serves as a payment "for all estimated court costs, incurred both in the appellate and lower courts[.]" Like the appearance bond, the amount of the cost bond "shall be determined by the judge of the lower court payable to the state[.]" "Because of the distinct purposes for each bond, failure to file either is grounds for dismissal." *Ray*, 124 So. 3d at 81 (¶1); *see* URCCC 12.02(A)(1).

¶14.    In *Ray*, this Court examined "whether a single bond—or single cash deposit—satisfied both [appearance-bond and cost-bond requirements.]" *Ray*, 124 So. 3d at 82 (¶6). The defendant, Ray, filed a notice of appeal of his conviction in justice court within thirty days, but filed only one cash deposit of $138.50, which he labeled an "appeal bond." *Id*. at (¶7). The county court dismissed Ray's appeal after finding that although "Ray had filed a written notice of appeal and cost bond, which Ray had labeled 'appeal bond,' Ray failed to perfect his appeal under [Rule] 12.02 by also filing the required appearance bond." *Id*. at 81 (¶3). On appeal, the circuit court affirmed, agreeing that Ray's "appeal bond" amounted to only a cost bond. *Id*.

¶15.    This Court also affirmed the dismissal after determining that Ray"s bond for $138.50 was a cost bond "tendered . . . as the costs of perfecting his appeal." The *Ray* court explained that "under Rule 12.02, Ray also had to secure his appearance through a separate appearance

bond (or cash deposit), which he did not do." *Id*. at 82-83 (¶11). This Court held that "dismissal was proper not simply because Ray filed one sheet of paper versus two, but because Ray only secured the payment of costs without separately securing his appearance. Because he did not file both bonds, his appeal was not perfected." *Id*. at 83 (¶12); *see also Mitchell v. Parker*, 804 So. 2d 1066, 1068-69 (¶¶5, 9) (Miss. Ct. App. 2001).

¶16.    However, in the recent case of *Parks*, 194 So. 2d at 179 (¶1), this Court reversed and remanded the circuit court's judgment dismissing an appeal for lack of jurisdiction where the defendant, Parks, timely filed a notice of appeal but filed only one bond. This Court held that the circuit court possessed jurisdiction to hear Parks's appeal after determining that the filed bond "plausibly sought to secure both his appearance and the payment of any costs." *Id*. at 181 (¶9). In that case, the prosecutor argued that Parks "failed to perfect his appeal to the circuit court because he failed to file both an appearance bond and a cost bond and instead filed only one bond." *Id*. at 181 (¶7). This Court acknowledged: "It is true that Parks filed only one piece of paper and, judging by the record, wrote only one check to cover the amount of the purported combined bond. For this reason, the circuit judge, relying on this Court's decision in *Ray, . . .* granted the prosecutor's motion to dismiss for lack of jurisdiction." *Id*. However, this Court distinguished the facts in *Parks* from those in *Ray*, explaining:

> Unlike Ray's bond, Parks's bond made clear that it was intended to cover both the appeal costs and to secure his appearance before the circuit court. He also noted that the full amount of his bond—$449—was derived from one deposit of $218.50, for the fines and assessments imposed by the justice court, and one deposit of $230.50, for the appeal costs. For these reasons, we conclude that Parks's "cost and appearance bond" met the bare minimum requirements of Rule 12.02 that are necessary to confer jurisdiction on the circuit court.

7

*Id*. at 181 (¶9).[3]

¶17.   The *Parks* court further clarified that "Parks's filing of a single document was inconsistent with the rule, even if, as we have just concluded, his appeal was not so defective as to deprive the circuit court of jurisdiction."  *Id*. at 182 (¶10).  This Court ultimately reversed and remanded the case to the circuit court to "decide whether Parks should be granted leave to amend his 'cost and appearance bond' to correct these and any other deficiencies.  Whether to grant Parks leave to correct such errors is a matter committed to the discretion of the circuit judge."  *Id*. at (¶11); *see also Spencer v. State*, 880 So. 2d 1044, 1046-47 (¶¶8-9) (Miss. 2004) (supreme court held that while the defendant timely filed a notice of appeal, he failed to timely file a cost bond within thirty days of his judgment of conviction; accordingly, the circuit court properly dismissed the appeal); *Dixon v. State*, 528 So. 2d 832, 832-33 (Miss. 1988) (defendant's filed bond contained no signature or sureties and was therefore deficient; supreme court held that the circuit court should have granted the defendant a hearing and an opportunity to correct any deficiencies); *Hill v. City of Wiggins*, 984 So. 2d 1086, 1087-89 (¶¶6-15) (Miss. Ct. App. 2008) (this Court affirmed the circuit court's dismissal of an appeal where the defendant paid the fines and filing fee but failed to post bond, and failed to file any motion to correct that deficiency, explaining that "[b]ecause he filed no bond, . . . there was no bond for him to amend."); *Riley v. Town of Lambert*, 856 So. 2d 721, 725 (¶18) (Miss. Ct. App. 2003) (explaining that "there is a vast difference between a case where the bond is timely[]executed, approved, and filed but is deficient[,] and

---

[3] "Parks's 'cost and appearance bond' plausibly purports to serve as both a cost bond and an appearance bond."  *Parks*, 194 So. 2d at 181 (¶9).

8

a case where the cost bond is filed approximately thirty days past the appeal time and the appearance bond is not filed at all. In the latter case, there is no bond to amend because none of any sort was ever filed during the appeal time.").

¶18. As stated, Rule 12.02(B) provides that the amounts for both the appearance bond and the cost bond "shall be determined by the judge of the lower court." In the case before us, Alison's judgment of conviction from the justice court reflects that the justice-court judge assigned an "appeal bond" of $500 for each conviction. The judgment indeed fails to distinguish or set forth a separate amount for the cost bond and a separate amount for the appearance bond. The justice court judge also testified at the motion hearing: "I've always included the appeal bond or the appearance bond and the cost included in one [bond]."

¶19. As a result, and in accordance with our opinion in *Parks*, we must reverse and remand this case to the circuit court to decide whether or not to grant Allison leave to amend or correct any deficiencies in his "appeal" bond. *See Parks*, 194 So. 2d at 182 (¶11). We have held that "[w]hether to grant [Allison] leave to correct such errors is a matter committed to the discretion of the circuit judge." *Id*.; *see also Dixon*, 528 So. 2d at 833; *Mitchell*, 804 So. 2d at 1072 (¶24).

¶20. **THE JUDGMENT OF THE HANCOCK COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HANCOCK COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**