# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01243-COA

**KEMPER COUNTY, MISSISSIPPI**                                                  **APPELLANT**

**v.**

**CORNELIUS PARKS**                                                                    **APPELLEE**

DATE OF JUDGMENT:              08/04/2017
TRIAL JUDGE:                       HON. JUSTIN MILLER COBB
COURT FROM WHICH APPEALED:   KEMPER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       MARVIN E. WIGGINS JR.
ATTORNEY FOR APPELLEE:        STEPHEN PAUL WILSON
NATURE OF THE CASE:           CIVIL - OTHER
DISPOSITION:                   AFFIRMED: 03/19/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., WESTBROOKS AND LAWRENCE, JJ.

### LAWRENCE, J., FOR THE COURT:

¶1.     Cornelius Parks was convicted of a misdemeanor for domestic violence in 2011.  In order to appeal his conviction, he filed a check for $449 along with his notice of appeal and a document entitled "Cost and Appearance Bond" with the circuit court.  The State moved to dismiss the appeal and argued that Parks did not file the cost and appearance bond simultaneously with his notice, as required in former Rule 12.02 of the Uniform Rules of Circuit and County Court Practice.[1]  The circuit court granted the State's motion and dismissed the appeal.  Parks appealed to this Court, and we found that he met the "bare

---

[1] Rule 12.02 was replaced by Rules 29.1, 29.3, and 29.4 of the Mississippi Rules of Criminal Procedure.

minimum" requirements under former Rule 12.02 "to confer jurisdiction on the circuit court." *Parks v. State*, 194 So. 3d 179, 181-82 (¶9) (Miss. Ct. App. 2015). Therefore, this Court reversed the decision of the circuit court. *Id*. at 182 (¶12). Further, this Court held that "[o]n remand, the circuit court may decide whether Parks should be granted leave to amend his 'costs and appearance bond' to correct these and any other deficiencies." *Id.* at (¶11).

¶2. After this Court reversed and remanded the dismissal of Parks's appeal to the circuit court, the Kemper County prosecutor filed another motion to dismiss. The circuit court found that the $449 filed by Parks was only a "cost bond" and ordered the justice court to set an amount for the "appearance bond." The justice court denied the request for jurisdictional reasons, and the circuit court then set the appearance bond at one dollar. Parks paid the bond fee, and after a trial on the original domestic violence charge, Parks was acquitted. The State now appeals the denial of its second motion to dismiss, complaining that the legal issue of bond should again be addressed by this Court.

## STANDARD OF REVIEW

¶3. Traditionally, when the question before the court is one of law, the standard of review is de novo. *Brown v. Mississippi Dept. of Human Servs.*, 806 So. 2d 1004, 1005 (¶4) (Miss. 2000).

## ANALYSIS

¶4. The State is limited by statute on what types of judgments may be appealed. Miss. Code Ann. § 99-35-103 (Rev. 2015). Specifically, the State may only appeal pure questions

of law that result from an order "acquitting the defendant where the question of law has been decided adversely to the state or municipality . . . ." Miss. Code Ann. § 99-35-103(b). In those cases, the defendant is not subject to further prosecution, and the acquittal is not reversed. *Id*.

¶5.     The State offers five separate issues for our review.[2] In its brief, the State essentially asks this Court for "a ruling and clarification of a question of law, namely, a clear, objective standard in applying former Rule 12.02." As noted earlier, this is not the first time this Court has reviewed this case. Originally, we determined Parks provided a bond that "made clear it was intended to cover both the appeal costs and to secure his appearance before the circuit court." *Parks*, 194 So. 3d at 179 (¶9). As a result, we concluded that the "bare minimum requirements" of former Rule 12.02 were met in order to confer jurisdiction. *Id*.

¶6.     We recognize that there is no remedy that we can provide that would turn the clock back to 2011 when Parks filed his initial appeal. Because of that, there is no way for this Court to give relief to the State under section 99-35-103 because the appeal is not just about a "question of law." *See City of Pascagoula v. Delmas*, 157 Miss. 619, 128 So. 743, 743 (1908). Here, we are presented with an interpretation of the facts as to whether or not Parks initially followed the rule governing his appeal and what his intent may have been. Because

---

[2] Parks filed a motion to dismiss this appeal on July 20, 2018. Parks indicated he would not file a brief and that this Court had already considered the issues in *Parks v. State*, 194 So. 3d 179 (Miss. Ct. App. 2015). The Mississippi Supreme Court passed the motion for consideration with the merits of this appeal. We find that Parks's motion to dismiss should be denied. We find no merit to the appeal and affirm the decision of the trial court.

we are not presented with a question of law only, the relief requested on appeal is moot and outside of our realm for consideration.

¶7.     The doctrine of mootness demands that a case must have an "actual controversy" that existed at the time of trial and at the time of review. *Monaghan v. Blue Bell Inc.*, 393 So. 2d 466, 466-67 (Miss. 1980). The process of review is not one that should entertain "abstract or academic questions," and this Court is not empowered to issue advisory opinions. *Id.* (*citing Insured Savings & Loan Ass'n v. State*, 242 Miss. 547, 555, 135 So. 2d 703, 706 (1961); *McLendon v. Laird*, 211 Miss. 662, 673, 52 So. 2d 497, 501 (1951); *Van Norman v. Barney*, 199 Miss. 581, 58 So. 2d 866, 867 (1946)). This Court will not review moot questions of law. *Bradley v. State*, 355 So. 2d 675, 676 (Miss. 1978). Our initial opinion made it clear that the bonds were sufficient to confer jurisdiction. Further, our prior opinion made it equally clear that the circuit court had the authority to amend the bond, to address the complaints of the State, and proceed to the merits at its discretion. *Parks*, 194 So. 3d at 182 (¶10). That is exactly what the circuit court did. The appeal bond was amended and set at one dollar in an effort to put the issue to rest and proceed to the merits. The circuit court then conducted a trial on the original domestic violence charge, and the defendant was acquitted.

¶8.     The issue surrounding the bonds and what is required by now Rule 29 of the Mississippi Rules of Criminal Procedure was resolved by this Court in our original opinion. There are no further questions of law to be addressed in this case, and the decision of the circuit court is therefore affirmed.

4

¶9.    **AFFIRMED.**

    **BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR.**