# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-KM-00182-SCT

*LADY B. GARTH*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/14/2023 |
| TRIAL JUDGE: | HON. KELLY LEE MIMS |
| TRIAL COURT ATTORNEYS: | WALTER HOWARD ZINN, JR. |
| | CANDACE COOPER BLALOCK |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ASHLEY NICOLE HARRIS |
| ATTORNEY FOR APPELLEE: | CANDACE COOPER BLALOCK |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | AFFIRMED - 02/29/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE RANDOLPH, C.J., MAXWELL AND BEAM, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     There is only one issue before this Court in this appeal—did the Monroe County Circuit Court err by dismissing Lady B. Garth's appeal of her criminal misdemeanor conviction?  The facts are not in dispute.  And the law on perfecting appeals from justice court to circuit court is clear.  To perfect an appeal from justice court, one adjudged guilty must "fil[e] simultaneously a written notice of appeal, and both a cost bond and an appearance bond . . . within thirty (30) days of such judgment."[1]  Garth did not do this.

---

[1] MRCrP 29.1(a).

Instead, on day thirty, Garth faxed to the circuit clerk a written notice of appeal. But she did not submit the cost bond and appearance bond until six days later. Because Mississippi law does not "permit[] the filing of the required bonds past the thirty-day appeal time[,]"[2] the circuit court did not err by dismissing Garth's appeal. We thus affirm.

## Background Facts & Procedural History

### I.     Justice Court Judgment

¶2.     Garth is an alderwoman for the City of Aberdeen, Mississippi. On September 15, 2022, this Court handed down an opinion in an election contest for another Aberdeen alderman position. *Holliday v. Devaull*, 353 So. 3d 425 (Miss. 2022). In that case, this Court ruled that the trial court lacked jurisdiction to hear Robert Devaull's election contest. *Id.* at 429. So this Court reversed the trial court's calling for a special election and rendered judgment in favor of election winner Nicholas Holliday. *Id.* Five days later, on September 20, 2022, Holliday appeared at the board of alderman's meeting and attempted to take what he believed to be his rightful seat. But because this Court's opinion had yet to mandate, the mayor told Holliday to leave. The mayor then asked the sheriff to remove Holliday.

¶3.     Garth apparently attempted to intervene. At some point, Holliday and Garth both left. But Garth returned several times and made multiple attempts to disrupt the meeting. The next day, the mayor swore an affidavit against her, claiming Garth "used menacing language directed to the Attorney for the City of Aberdeen and then returned to the meeting pacing around the room and made a veiled threat to the Chief of Police."

---

[2] *Spencer v. State*, 880 So. 2d 1044, 1047 (Miss. 2004) (emphasis omitted) (quoting *Riley v. Town of Lambert*, 856 So. 2d 721, 725 (Miss. Ct. App. 2003)).

¶4.   Garth was charged with disturbance in a public place, in violation of Mississippi Code Section 97-35-13 (Rev. 2020).[3]   The Monroe County Justice Court judged her criminally responsible and sentenced her to serve five days in jail and pay a fine and court costs totaling $657.75.

## II.   Attempted Appeal

¶5.   The justice court issued its judgment against Garth on December 20, 2022.  Thirty days later, on January 19, 2023, a written notice of appeal was faxed to the Monroe County Circuit Court after hours.  But the cost bond and appearance bond were not simultaneously posted, as required by Rule 29.1(a).  MRCrP 29.1(a).  Instead, in the fax cover sheet, Garth represented that, "[a]s estimated, an amount of $829.53 *will be remitted* to your office to perfect the appeal." (Emphasis added.)

¶6.   The record shows a check was dated on January 20, 2023.  But this check was not mailed until three day later on January 23, 2023.  And two days after that, on January 25, 2023—thirty-six days after Garth was adjudged guilty—the Monroe County Circuit Clerk received the cost bond and appearance bond check.

---

[3] Under Section 97-35-13,

> Any person who shall enter any public place of business of any kind whatsoever, or upon the premises of such public place of business, or any other public place whatsoever, in the State of Mississippi, and while therein or thereon shall create a disturbance, or a breach of the peace, in any way whatsoever, including, but not restricted to, loud and offensive talk, the making of threats or attempting to intimidate, or any other conduct which causes a disturbance or breach of the peace or threatened breach of the peace, shall be guilty of a misdemeanor, and upon conviction thereof shall be fined not more than five hundred dollars ($500.00) or imprisoned in jail not more than six (6) months, or both such fine and imprisonment.

¶7. The State moved to dismiss the appeal as not timely perfected. The State pointed out that Garth did not simultaneously post the cost bond and appearance bond with the notice of appeal. Garth responded by asserting that the delayed posting of the cost bond and appearance bond was a mere "deficiency" that counsel timely cured. *See* MRCrP 29.1(c).

¶8. After a hearing, the circuit court dismissed Garth's appeal. The circuit court ruled that the curable deficiency referenced in Rule 29.1(c) was the failure "to comply with the requirements of [Rule 29.1(b)] as to the *content* of the written notice of appeal." MRCrP 29.1(c) (emphasis added). And the problem in Garth's case was not the content of the written notice of appeal. The problem was Garth's failure to simultaneously post the cost bond and appearance bond. This type of failure is not a defect that can be cured. Rather, such failure deprived the circuit court of appellate jurisdiction. And because the circuit court lacked jurisdiction, the circuit judge found he had no choice but to dismiss the appeal.

¶9. Garth immediately appealed to this Court. She also filed a motion to stay her five-day incarceration pending this appeal, which this Court granted.

## Discussion

### I. The Only Issue Before This Court

¶10. Garth raises four issues on appeal. But only the first issue is properly before this Court—did the Monroe County Circuit Court err by dismissing Garth's appeal from justice court for lack of appellate jurisdiction?

¶11. Garth's second and third issues concern the merits of the underlying justice-court judgment. But these issues are outside the scope of her present appeal. The circuit court

4

ruled that it lacked appellate jurisdiction due to Garth's failure to timely perfect her appeal. So this Court's review is limited to whether the circuit court's jurisdictional determination was correct. *Cf.* ***Forkner v. State***, 227 So. 3d 404, 406 (Miss. 2017) (holding that, while the Court of Appeals had no authority to address on appeal the merits of an improperly filed PCR motion, the appellate court did have jurisdiction to consider whether the circuit court's disposition of the motion was lawful).

¶12.    In Garth's fourth issue, she alternatively asserts her trial counsel[4] was ineffective for not simultaneously posting the cost and appearance bond when he faxed her notice of appeal, which led to her losing her right to a de novo trial before the circuit court. But in general, ineffective-assistance claims are more appropriately raised in post-conviction-relief petitions and not direct appeals. ***Dartez v. State***, 177 So. 3d 420, 422-23 (Miss. 2015). That is the case here. Garth did not raise ineffective assistance of counsel when arguing against dismissal before the circuit court. So the record is devoid of sufficient evidence to address this claim. ***Archer v. State***, 986 So. 2d 951, 955 (Miss. 2008). We thus address the jurisdiction issue only, preserving the ineffective-assistance claim for Garth's PCR petition, should she file one.

## II.    The Circuit Court's Lack of Appellate Jurisdiction

¶13.    This Court reviews jurisdictional questions de novo. ***Shope v. Winkelmann***, 328 So. 3d 641, 643 (Miss. 2021). And after de novo review, we find the circuit court did not err by dismissing Garth's untimely appeal.

---

[4] Following the dismissal of her appeal from justice court, Garth retained new counsel to represent her in her appeal from circuit court.

¶14.	Under Mississippi Rule of Criminal Procedure 29.1(a),

> Any person adjudged guilty of a criminal offense by a justice or municipal court may appeal to county court or, if there is no county court, to circuit court, by filing simultaneously a written notice of appeal, and both a cost bond and an appearance bond (or cash deposit), as provided in Rules 29.3(a) and 29.4(a), with the clerk of the circuit court having jurisdiction within thirty (30) days of such judgment.

¶15.	Garth concedes the cost bond and appearance bond were not posted until January 25, 2023—outside the thirty-day window to appeal. Still, Garth insists the timely filing of the written notice of appeal on January 19, 2023, was sufficient to perfect her appeal. But Rule 29.1(a) is explicit: "This written notice of appeal *and posting of the cost bond and the appearance bond* (or cash deposit) perfects the appeal." MRCrP 29.1(a) (emphasis added). As this Court has acknowledged, there is no authority that "permits the filing of the required bonds past the thirty-day appeal time." *Spencer*, 880 So. 2d at 1046 (emphasis omitted) (quoting *Riley*, 856 So. 2d at 725). Nor do the Rules of Criminal Procedure permit a court to extend the time for taking an appeal. MRCrP 1.3(b). Because the cost bond and appearance bond must be simultaneously posted with the filed notice of appeal, Garth's written notice of appeal—faxed with a cover sheet that said the bonds would be remitted later—did not timely perfect her appeal.

¶16.	Therefore, the circuit court did not err by dismissing the appeal of Garth's justice-court conviction for lack of appellate jurisdiction. We affirm.

¶17.	**AFFIRMED.**

    **RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**