# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00622-COA

**JOE CLYDE TUBWELL A/K/A JOE C. TUBWELL A/K/A JOE TUBWELL**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/04/2017 |
| TRIAL JUDGE: | HON. GERALD W. CHATHAM SR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOE CLYDE TUBWELL (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ROBERT E. HAYES JR. WAYNE DOUGLAS HOLLOWELL III |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | REVERSED AND REMANDED - 10/09/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND GREENLEE, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     Joe Tubwell appeals, pro se, the judgment of the DeSoto County Circuit Court (circuit court), dismissing his appeal.[1]  Because we find that the County Court of DeSoto County (county court) erroneously dismissed Tubwell's appeal and the circuit court, relying upon the effects of the erroneous dismissal, also erred in dismissing the appeal, we reverse and remand.

---

        [1] Tubwell presently has another unrelated appeal assigned to this Court under case number 2017-KM-00795-COA.  We take judicial notice of the proceedings in that case and discuss, later in this opinion, relevant aspects of them as they relate to our holding in this case.

FACTS

¶2. The issue in this case emanates from a criminal appeal taken from the Municipal Court of Southaven, Mississippi (municipal court), wherein Tubwell was found guilty on October 14, 2015, of a seat-belt violation involving our child-restraint law: Mississippi Code Annotated section 63-7-301 (Rev. 2013). Following his conviction, Tubwell was assessed a fine and court costs totaling $278. He filed his notice of appeal in the county court the following day, along with a motion to proceed in forma pauperis (IFP) and a pauper's oath affidavit.[2]

¶3. In the meantime, in cause number S2015-0013 in the county court, Tubwell, on April 14, 2015, had been granted IFP status.[3] Tubwell has appealed from the final judgment entered in that case, and that appeal is before us as case number 2017-KM-00795-COA.

¶4. Also on May 2, 2016, the county court, on its own motion, pursuant to Rule 12.02 of the Uniform Rules of Circuit and County Court (URCCC),[4] dismissed with prejudice Tubwell's appeal. The court stated that Tubwell "failed to perfect his appeal by paying all costs and bonds or getting permission to proceed [IFP]." As stated, at the time of his

_____

[2] The cause number of the appeal in the county court is S2015-0038CD.

[3] Cause number S2015-0013 involves an appeal from the judgment of conviction of two misdemeanor offenses (unsafe vehicle operation and failure to dim lights) handed down by the same municipal court involved in this appeal.

[4] We note that Rule 12.02 of the URCCC providing the appeal procedure from municipal or justice courts was deleted, effective July 1, 2017. However, Rule 12.02 was in effect at the time of Tubwell's conviction and appeal.

2

attempted appeal from the municipal court judgment, Tubwell filed in the county court, not the municipal court, a motion to proceed IFP, along with a pauper's oath affidavit. Also, on May 2, 2016, the county court issued an order of procedendo dismissing the appeal and remanding the case to the municipal court for execution of the October 14, 2015 judgment.

¶5. On May 4, 2016, Tubwell filed an appeal to the circuit court of the county court's May 2, 2016 order dismissing his original appeal. On the same day and in the same court, he also filed another motion for leave to proceed IFP, an affidavit in support of indigency, and a motion requesting an appeal bond pursuant to Rule 12.03 of the URCCC. On September 26, 2016, the City of Southaven filed a motion to dismiss in the county court. On April 4, 2017, the circuit court dismissed Tubwell's appeal with prejudice after finding that he was attempting to appeal a non-appealable order—the order of procedendo entered by the county court on May 2, 2016. It is from that order of dismissal that Tubwell now appeals.

DISCUSSION

¶6. "On appeal, this Court applies a de novo standard when reviewing a trial court's grant of a motion to dismiss. Additionally, we recognize that whether a court obtained appellate jurisdiction is a question of law, which we review de novo." *Alison v. State*, 200 So. 3d 469, 471 (¶10) (Miss. Ct. App. 2016) (citation and internal quotation marks omitted).

¶7. Rule 12.02(a)(1) of the URCCC, which governed appeals from municipal courts, stated in pertinent part:

> Mandatory Bonds or Cash Deposits. Any person adjudged guilty of a criminal offense by a justice or municipal court may appeal to county court or, if there

3

is no county court having jurisdiction, then to circuit court by filing simultaneously a written notice of appeal, and both a cost bond and an appearance bond (or cash deposit) as provided herein within 30 days of such judgment with the clerk of the circuit court having jurisdiction. This written notice of appeal and posting of the cost bond and the appearance bond or cash deposit perfects the appeal. The failure to post any bond or cash deposit required by this rule shall be grounds for the court, on its own motion or by motion of another, to dismiss the appeal with prejudice and with costs. The clerk of the court shall not accept, file and docket the written notice of appeal without the accompanying cost bond and appearance bond or cash deposit, unless the court has allowed the defendant to proceed in forma pauperis.

¶8. Tubwell offers the following explanation for the court's alleged errors:

The [o]rder [d]ismissing [his] [a]ppeal[,] which was entered by the circuit [c]ourt[,] acknowledged that the [c]ity had filed, and had pending in the [c]ounty [c]ourt, a motion to dismiss based on the fact that the [o]rder from which Tubwell was appealing was not an appealable order as it was an order of procedendo. The [c]ircuit [c]ourt's [o]rder dismissing [the] appeal appears to be a ruling upon the [c]ity's pending motion of which the [c]ircuit [c]ourt had no jurisdiction to determine since that motion was pending in the [c]ounty [c]ourt and continues to be pending in that [c]ourt on this very day. The [c]ircuit [c]ourt's [o]rder left Tubwell with no recourse other than an appeal to the [Mississippi] Supreme Court.

Tubwell requests that this Court remand this case to the circuit court or the county court for a new trial. He concedes that he did not post a cost bond or an appearance bond as required by Rule 12.02; however, he argues that he has a right to proceed IFP in his appeal from the municipal court to the county court in his misdemeanor criminal case. He further argues that he was entitled to an evidentiary hearing upon his motion to proceed IFP—before the county court issued the order of procedendo. He notes that he was granted leave to proceed IFP in his appeal to this Court.

¶9. The State responds that Tubwell's current appeal to this Court exists solely as an

4

appeal of the circuit court's order dismissing his appeal, issued sua sponte on April 4, 2017. The State argues that all other issues are irrelevant because Tubwell lacks standing to bring those issues before this Court. The State further argues that Tubwell seeks de novo review of the county court's ruling, which is improper due to procedural bars. The State concludes that Tubwell's claims should be barred and dismissed by this Court. We disagree.

¶10.    As stated, Rule 12.02 was in effect when Tubwell initiated his appeal, although Rule 12.02 has since been deleted. It was deleted with the passage of our new Rules of Criminal Procedure, effective July 1, 2017.[5] As noted, when Tubwell filed his appeal from the municipal court, he had already been adjudged a pauper, albeit in a different case, in the county court and allowed to proceed IFP in an appeal from the municipal court. On these facts, we see no reason to deny Tubwell appellate review because his indigency at the time of his appeal had already been established. The critical point is whether he was indigent at the time he initiated his appeal and, therefore, not required to post bond. Consequently, we find that the county court erred in dismissing Tubwell's appeal. In so finding, we are mindful that Tubwell did not obtain specific permission to proceed IFP in his appeal to the county court in the case before us. However, since he had already been allowed to proceed IFP in a separate appeal, the time of which overlapped the time for his appeal in the instant

---

[5] We note that Rules 29.3 and 29.4 of the new Rules of Criminal Procedure, though not applicable to our case at hand, make clear that a criminal defendant, who is attempting to appeal a judgment of a municipal or justice court should file his motion to proceed IFP in the appellate court.

5

case—and there is nothing in the record to suggest that his financial status had changed during the overlapping time period—we see no reason why his failure to obtain permission to proceed IFP in this case should impede his right to obtain appellate review. To hold otherwise, on these facts, would be to exhort a ministerial administrative requirement over a fundamental constitutional right. We will not do so.

¶11.    Turning to Tubwell's notice of appeal to the circuit court, it appears quite clear that he was attempting to appeal the county court's dismissal of his appeal of his convictions in municipal court, although he stated that he was appealing from a May 2, 2016 order of conviction which did not exist.[6] As noted earlier, the municipal court convictions occurred on October 14, 2015. As mentioned in our recitation of the facts, the county court ruled that it was required to dismiss the appeal because Tubwell failed to perfect it by paying all costs and bonds or getting permission to proceed IFP.

¶12.    The county court issued two orders on May 2, 2016: an order dismissing Tubwell's appeal and an order of procedendo, neither of which was referenced in Tubwell's May 4, 2016 notice of appeal. Although the circuit court interpreted Tubwell's notice of appeal as referencing the order of procedendo, we find that this was incorrect because it is clear that he was attempting to appeal the dismissal of his appeal by the county court, which prevented

---

[6] We note that Tubwell is a pro se litigant. We are obligated to construe pro se pleadings with some reasonable degree of liberality. *Ferrell v. State*, 158 So. 3d 1204, 1208 (¶5) (Miss. Ct. App. 2015).

appellate review of the judgments of convictions in the municipal court.[7] Technically, the notice of appeal to the circuit court should have stated that Tubwell was appealing the county court's erroneous dismissal of his appeal from the municipal court, but since Tubwell is proceeding pro se, we will not hold him to precise technical pleadings. Because we have found that the county court erroneously dismissed Tubwell's appeal, it follows that the circuit court, relying on the consequences flowing from the county court's erroneous decision, also erred in dismissing Tubwell's appeal on the basis that it was without jurisdiction to hear the appeal. Because the county court's error prohibited Tubwell from obtaining appellate review of his municipal court convictions, it is necessary that this case be remanded to the county court for further proceedings. Nothing in this opinion should be interpreted as requiring the county court to allow Tubwell to proceed IFP on remand if his IFP status has changed, but if that is the case, he should be allowed a reasonable time to post the required bonds.

¶13.    **REVERSED AND REMANDED.**

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**

---

[7] We also note that the circuit court, in its order granting Tubwell the right to appeal IFP to the Mississippi Supreme Court, incorrectly stated that Tubwell had been granted IFP status in his appeal to the county court and from the county court to the circuit court. The county court never ruled on Tubwell's motion for IFP status. However, as stated, Tubwell was granted IFP status in his appeal from the municipal court in cause number S2015-0013.