# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-KM-01177-COA

**JOE CLYDE TUBWELL A/K/A JOE C.**                                          **APPELLANT**
**TUBWELL A/K/A JOE TUBWELL**

**v.**

**STATE OF MISSISSIPPI**                                                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/16/2019 |
| TRIAL JUDGE: | HON. CELESTE EMBREY WILSON |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOE CLYDE TUBWELL (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | AFFIRMED - 01/05/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.

### BARNES, C.J., FOR THE COURT:

¶1.     Joe Tubwell, appearing pro se, appeals from the judgment of the DeSoto County Circuit Court, which dismissed his appeal from the County Court of DeSoto County because Tubwell failed to file an appellate brief in circuit court. The case originally stems from a 2016 misdemeanor conviction for improper vehicle parking that violated Southaven, Mississippi's municipal ordinances. Finding no reversible error, we affirm the dismissal of the appeal.

### FACTS AND PROCEDURAL HISTORY

¶2.     On December 29, 2016, Tubwell was issued a uniform summons for improper vehicle

parking at his residence in Southaven, Mississippi, in violation of Southaven's Code of Ordinances section 13-7(c)(1) after numerous warnings beginning in October 2016.[1] Since that time, Code Enforcement Officer Joshua Braswell had taken several photographs of as many as three vehicles being improperly parked in Tubwell's yard.[2] At some point after February 2017, Tubwell extended the pavement of his driveway to comply with the municipal parking requirements. However, the Southaven Municipal Court ruled Tubwell was still in violation of the city ordinance for the infractions prompting the December 29, 2016 summons.

¶3.    Tubwell appealed the ruling to the county court. He was granted pauper status. On July 31, 2018, after a bench trial where Tubwell represented himself, he was found guilty of the misdemeanor violation. The county court ordered him to pay a $350 fine, $174.25 in court costs, and $110 in county costs, for a total of $634.25. The court gave Tubwell six months to pay the total amount.

¶4.    Aggrieved, Tubwell appealed to the DeSoto County Circuit Court. Again, he was granted pauper status and represented himself. On April 8, 2019, the circuit court docket showed the record and transcript of proceedings were received from the county court. However, there was no indication on the county court's docket that Tubwell or the city

---

[1] On this date Tubwell was also issued another uniform summons for a violation of section 13-7(c)(3) for a noncompliant vehicle—a food truck—being parked at his residence, but this charge was ultimately dismissed.

[2] Tubwell has been cited repeatedly for numerous violations of Southaven ordinances since 2010 and appeared before this Court in other appeals of misdemeanor convictions. *See Tubwell v. State*, 304 So. 3d 1123 (Miss. Ct. App. 2019); *Tubwell v. State*, 270 So. 3d 1094 (Miss. Ct. App. 2018).

prosecutor had been given notice that the record was ready to be reviewed before it was transferred to the circuit court. Instead, Tubwell reviewed the record once it arrived at the circuit court. On April 10, 2019, Tubwell filed an acknowledgment in circuit court that he had examined the county court record and that it was accurate.

¶5. On June 12, 2019, the circuit court entered an order notifying Tubwell that his appeal was deficient because as of that date he had not filed his appellate brief. The court explained that the deadline for filing his brief was May 18, 2019. The court gave Tubwell the chance to rectify the deficiency by granting him fourteen days from the date of the order to file his brief; otherwise, his appeal would be dismissed.

¶6. Instead of filing a brief, on June 20, 2019, Tubwell filed a motion for a briefing schedule under Mississippi Rule of Appellate Procedure 31. Tubwell complained that after he acknowledged the appellate record on April 10, the circuit court did not issue a briefing schedule; so he had no way of knowing when his brief was due. Tubwell also argued he had "a right to be informed of the briefing schedule, in writing, before the court imposed a fourteen day deadline to cure [the] deficiency." On this same day, Tubwell also filed a motion for an enlargement of time of forty days to file his brief.

¶7. On July 16, 2019, the circuit court entered an order dismissing his appeal with prejudice because Tubwell failed to comply with the June 12 order directing him to file a brief within fourteen days. The court found that Mississippi Rule of Appellate Procedure 31(a) provides for notice of a briefing schedule, but the clerk's failure "to give . . . notice of the filing of the record shall not excuse any delay in filing briefs." The court also explained

3

that under Mississippi Rule of Appellate Procedure 2(a)(2), the court was without authority to grant Tubwell's request for additional time to file his brief once the deficiency order had been issued. Tubwell promptly appealed.

## STANDARD OF REVIEW

¶8. This Court employs a de novo standard when reviewing questions of law and a trial court's grant of a motion to dismiss. *Alison v. State*, 200 So. 3d 469, 471 (¶10) (Miss. Ct. App. 2016).

## ANALYSIS

¶9. Tubwell argues that the circuit court erred in dismissing his appeal with prejudice for failure to file a brief because the circuit court did not issue a briefing schedule under Mississippi Rule of Appellate Procedure 31(a). He complains that the record does not indicate the date the record "was officially filed" with the circuit court clerk after he reviewed it under Rule 31(b). He also claims that the June 12, 2019 deficiency order giving him fourteen days to file his brief was "without any notice." After he received this order, Tubwell notes he filed two motions—one for a briefing schedule and the other for enlargement of time to file a brief—but these motions were "ignored," and instead, his appeal was dismissed.

¶10. First, we note the Mississippi Rules of Appellate Procedure did apply to this appeal from county to circuit court. Rule 30.1(a) of the Mississippi Rules of Criminal Procedure, effective July 1, 2017, allows any person convicted of a non-felony crime in county court to "appeal to the circuit court having jurisdiction . . . ." Mississippi Rule of Criminal

Procedure 30.1(b) sets out the procedure of such an appeal:

> The notice of appeal shall specify the party or parties taking the appeal. . . . The clerk, upon receiving written notice of appeal, shall immediately send notice to the prosecuting attorney. Thereafter, appeals shall proceed as if in the Supreme Court and in accordance with the Mississippi Rules of Appellate Procedure.

MRCrP 30.1(b).[3]

¶11. After receiving the written notice of appeal, the county court clerk, who is the same individual as the circuit court clerk, apparently did not follow the proper procedure. Under Mississippi Rule of Appellate Procedure 10(b)(5), after the record has been completed, the trial court clerk should give notice to the parties that the record is ready to be reviewed before transferring it to the appellate court. The parties or their attorneys would then be allowed to review the content of the record and propose any corrections *before* the record is transferred to the appellate court.[4] "At the end of the time prescribed by Rule 10(b)(5), the clerk shall immediately deliver the record to the [appellate c]ourt." M.R.A.P. 11(d)(2). "Upon receipt of the record transmitted pursuant to Rule 11(d), . . . the clerk of the [appellate c]ourt shall file it . . . and immediately give notice to all parties of the date on which it was filed." M.R.A.P. 13(b).

¶12. The county court clerk is to give notice to the parties that the record is ready to be

---

[3] On May 5, 2020, the Mississippi Rules of Appellate Procedure became applicable to apply to all appeals from county to circuit court. M.R.A.P. 1.

[4] Rule 10(b)(5) provides that "the appellant shall have the use of the record for examination" for fourteen days to note any corrections after the trial court clerk's notice of the record's completion and transmission. Then the appellee shall be able to examine the record for fourteen days. Then the record shall be returned to the trial court clerk.

reviewed before transferral to the circuit court (i.e., the appellate court). This notice did not occur, possibly because the Rules of Criminal Procedure (incorporating the Rules of Appellate Procedure) were relatively new. Nonetheless, because of this failure, Tubwell did not review the record until it had been transferred to the circuit court's docket.

¶13. Tubwell filed the April 10, 2019 acknowledgment that he had reviewed the record after it was transferred to the circuit court's docket on April 8. While Tubwell claimed in his motion to issue a briefing schedule that he returned the record to the county court, his acknowledgment was styled "In the Circuit Court of DeSoto County." Tubwell may have been confused by virtue of the clerk of the county court and the clerk of the circuit court being the same individual. Once he returned the record to the circuit court, Tubwell was presumably waiting for notice that the appellee had reviewed it, after which he mistakenly believed the circuit court would issue a briefing schedule. However, the record was already filed in the circuit court (i.e., the appellate court), and the time for filing briefs was already running. Mississippi Rule of Appellate Procedure 31(a) provides:

> Immediately upon filing of the record in the office of the clerk of the [appellate court], the clerk shall notify counsel of the filing of the record. However, failure of the clerk to give, or of a party to receive, notice of the filing of the record shall not excuse any delay in filing briefs.

The time for the filing of briefs begins to run when the record is filed in the appellate court.

Mississippi Rule of Appellate Procedure 31(b) provides:

> The appellant shall serve and file the appellant's brief within 40 days *after the date on which the record is filed*. The appellee shall serve and file the appellee's brief within 30 days after service of the brief of the appellant. The appellant may serve and file a reply brief within 14 days after service of the brief of the appellee. . . .

6

(Emphasis added).

¶14. The rules are clear that the time for filing the appellate brief begins whether or not there is notice to the appellant. Mississippi Rule of Appellate Procedure 31(a) explicitly states that any lack of notice for filing the record does not excuse a delay in filing briefs: "failure of the clerk to give, or of a party to receive, notice of the filing of the record shall *not* excuse any delay in filing briefs." (Emphasis added).[5] Here, the circuit court's deficiency notice stated that Tubwell's brief had been due on May 18, which was forty days after the April 8 filing of the record in the circuit court.

¶15. While Tubwell's confusion is somewhat understandable (despite his having acknowledged the record in the circuit court rather than the county court), the errors in failing to allow him to review the record before its transmittal to the circuit court or to alert him to the fact that the time for filing his appellate brief was already running were harmless. Tubwell was given the opportunity to file his brief by virtue of the circuit court's June 12, 2019 deficiency order. The order explained that under Mississippi Rule of Appellate Procedure 2(a)(2) his appeal would be dismissed for failure to timely file his appellate brief if the deficiency were not corrected within fourteen days. Instead of filing a brief, Tubwell filed motions for a briefing schedule and for an enlargement of time to file his brief, in spite of the clear instructions and consequences explained in the deficiency order.

¶16. Despite Rule 2(a)(2)'s provision that "[m]otions for additional time in which to file

---

[5] Tubwell cites this rule in his appellate brief but conveniently leaves out the important word "not" emphasized above to argue the clerk's alleged failure to file a notice of receiving the record excuses his refusal to file a brief.

briefs will not be entertained after the notice of the deficiency has been issued," Tubwell argues that the circuit court had discretion to suspend the requirements or provisions of the appellate rules and grant his motions under Mississippi Rule of Appellate Procedure 2(c) for "good cause." Tubwell, however, provided no good cause for using the fourteen-day period to file motions rather than his appellate brief. Tubwell complains that the circuit court improperly "ignored" his motions. In actuality, however, it was Tubwell who, in filing these motions instead of a brief, ignored the circuit court's deficiency order.

## CONCLUSION

¶17. While the county court clerk apparently did not follow the proper appellate procedure, the error was harmless. The circuit court gave Tubwell notice that he had fourteen days to file his brief after his appeal was found deficient. He did not do so. Accordingly, we affirm the circuit court dismissal of Tubwell's appeal with prejudice.

¶18. **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**